SOUTHERN SURETY COMPANY *v.* COLUMBIAN INSURANCE COMPANY OF INDIANA.

[No. 11,107.   Filed January 26, 1922.   Rehearing denied April 7, 1922.]

INSURANCE.—*Workmen's Compensation.—Injury to Employe under Sixteen Years of Age.—Insurer's Failure to Defend Action.—Liability.*—The mere fact that an employe, who sued his employer for injuries, was under the age of sixteen years, did not absolve the employer's insurance carrier from liability for failure to defend the suit and pay attorney's fees, since the employer may have complied with the provisions of the law making the employment legal.

From Marion Superior Court (A10,099) ; *W. W. Thornton,* Judge.

Action by the Columbian Insurance Company of Indiana against the Southern Surety Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*L. R. Stanforth,* for appellant.

*Charles B. Clarke* and *Walter C. Clarke,* for appellee.

NICHOLS, J.—The facts in this case as briefly stated by appellant are as follows: .

One Lyman A. Harshman, a minor under the age of sixteen, was in the employ of appellee on or about February 6, 1920. Prior to that date, to wit, June 23, 1919, appellant issued to appellee one certain policy of insurance in which, so far as appears by appellant's brief, it promised to assume the following obligations for a period of one year: (1) "To pay in the manner provided in the Workmen's Compensation Law of Indiana any sums due or to become due from the employer because of any such injuries or death;" (2) "to indemnify the employer against loss by reason of the liability imposed upon the employer by law for damages on account of such injuries or death;" (3) "to defend in the name and on behalf of the employer any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, proceedings, allegations and demands are wholly groundless, false or fraudulent;" (4) "to pay all costs taxed against the employer in any legal proceeding defended by the company, all interest accruing after entry of judgment, and all expenses incurred by the company for investigation, negotiation and defense;" (5) "this policy shall apply only to such injuries so sustained by reason of

accidents occurring within the policy term as limited and defined in Item 12 of said Declarations."

On or about February 6, 1920, said employe, in company with another employe was directed by appellee, to clean the ice, snow and slush off the sidewalk in front of its place of business. The two employes did clean the ice, snow and slush off the sidewalk using a hose and water provided by the employer for that purpose. A short time afterward said employe Harshman became sick and was confined to his bed for a time. On April 29, 1920, said Harshman, by his next friend Herbert M. Kavanaugh, filed an action against his employer, appellee herein, for damages in the sum of $10,000 in the Marion Circuit Court. In his complaint he alleged that he was damaged in said sum because he was made "sick and ill with pneumonia and meningitis" and was thereby permanently injured as a result of his employer, appellee herein, negligently and without consideration of the condition of his health and clothing ordering him to clean ice, snow and slush off the sidewalk when the weather was damp, cold and raw.

Appellant herein was advised as to the filing of said suit by Harshman and requested to defend same but refused to take any part in the defense. Appellee employed counsel and successfully defended the said action and later demanded of appellant $100 as the amount of attorney fees expended in the said defense. Appellant refused to pay the sum demanded and suit was filed therefor, which resulted in judgment for appellee, and the case now comes before this court on appeal, with error assigned on the court's action in overruling appellant's motion for a new trial.

The question presented is whether or not appellant is bound under the provisions of the said policy of insurance issued by it to appellee, to defend an action of the nature of the former action brought in the Marion Cir-

cuit Court, and involves the construction of said insurance policy in relation to the complaint in the former action.

Appellant has failed to set out the policy, and the complaint in the original case, and we therefore have only such parts of each as are above set out.

It is appellant's contention that it is not liable for any damages or expenses except such as grow out of injuries within the compass of the Workmen's Compensation Law, but as the appellant, in his brief, has only given us the portions of said policy hereinbefore set out, and has entirely omitted to give us "Item 12 of said Declaration" above referred to, in construing said provisions we see no escape from the provisions, as set out, to pay all costs taxed against the employer in any legal proceeding defended by the company, all interest accruing after entry of judgment, and all expenses incurred by the company for investigations, negotiation and defense, and we are unable to say whether the last quotation, to wit, No. 5, above, limits appellant's liability in this case, for the reason that it refers to Item 12 of certain declarations, which is not set out.

Appellant says that the Harshman complaint showed that his employment was illegal, and that therefore appellant is not liable. But the mere fact that Harshman was under sixteen years of age would not necessarily make his employment illegal. The employer may have complied with the provisions of the law making his employment legal. Further, in that action, the finding was against Harshman, and therefore the allegations of his complaint were not sustained.

We find no reversible error. The judgment is affirmed, with ten per cent. damages.